HANGER v. LITTLE ROCK JUNCTION RAILWAY.

FERRIES: *License to keep: Damages to right.*

    In a suit to recover damages to a ferry right, resulting as alleged, from the con-'
    duct of defendant in permitting persons and property to pass for hire over his
    bridge, and thus diverting traffic from the plaintiff's ferry, the complaint states
    no cause of action where it fails to show that the plaintiff was at the time of
    the alleged injury licensed to keep a ferry within limits embracing the site of
    the bridge. Without such license the plaintiff could not, under the statute
    [*Mansfield's Digest, sec. 3311*], lawfully collect toll and would not therefore be
    damaged by the diversion of business from his ferry. To be sufficient the com-
    plaint should also aver that the defendant collected toll without lawful authority,
    since the plaintiff could not recover for losses sustained from a competition that
    was legal.

APPEAL from *Pulaski* Circuit Court.

Jos. W. MARTIN, Judge.

*John Fletcher*, for appellants.

1. It was unnecessary to allege the annual payment of
the tax and issuance of a license. The fact of a continuous
exercise of the franchise for twenty years is sufficient. But if

true that the license had not been regularly paid for and issued, this would be no defense. *10 Ind., 315; Mansf. Dig., secs. 3223, 3226.* Twenty years use of a ferry franchise establishes presumption of its legality. *36 Ala., 230.* In Arkansas seven years is sufficient.

2. The ferry franchise is *exclusive. 20 Ark., 561; 23 id., 514; 26 id., 476; 36 id., 466.*

3. In *41 Ark., 209,* the court recognizes the preference right to establish a ferry before any license has been applied for or attempted to be established, as valuable and descendable by inheritance.

4. A ferry privilege is property, and " No property shall be taken, etc., etc., without just compensation." *Const. Ark., Art. 2, sec. 22; 45 Ark., 429; 4 Jones Law (N. C.), 277.*

*J. M. Moore* for appellee.

1. It was necessary, to keep the franchise alive, that plaintiffs, or their ancestor, should take out an annual license. *20 Ark., 564; 23 id., 515.*

2. There is no complaint of any interference with or obstruction of their franchise; they complain merely of a diversion of tolls, without showing a right in themselves to take tolls.

HEMINGWAY, J. The appellants brought this action against the appellee for damages to ferry rights. The appellee demurred to the complaint, the demurrer was sustained, the cause dismissed and this appeal taken.

Did the complaint allege facts that constitute a cause of action? It alleges, in substance, that the appellants are the owners of an ancient ferry franchise, entitling it to transport passengers and property for hire from either bank of the Arkansas river to the other, at points along the river between the Quapaw line on the east, and the west boundary line of the City of Little Rock. That they, and Matilda J. Hanger, from whom they inherited the franchise, had of right used, owned

and enjoyed the ferry, in transporting persons and property for hire, for more than twenty years next before the injury complained of. That the defendant is a railroad corporation, authorized to construct and operate a railway from a point in the City of Little Rock to a point on the opposite side of the river. That in January, 1885, it erected a bridge across the river, within the limits of their ferry right, upon which it constructed and opened a roadway for the crossing of persons and property. That against their will it had permitted persons and property to cross over the roadway of the bridge for hire when not transported in its cars, and thereby collected bills amounting to a large sum, which it had wholly converted. That it had thus diverted valuable traffic from their ferry. That this diversion of traffic had rendered the enjoyment and possession of their right, and the privilege itself valueless, whereas, they had previously received from it $5000 per annum.

They file with the complaint, as an exhibit, a transcript of the records of the Pulaski County Court, wherein it appears that on the 1st day of May, 1865, the said court granted to Peter Hanger, in right of his wife, Matilda J. Hanger, a license to keep a ferry within the limits described, for a term of twelve months.

It nowhere appears that a license was afterwards granted either to the appellants or their ancestors, authorizing either of them to keep the ferry. Ferry licenses are for a term of one year. *Mans. Dig.*, *sec. 3319*.

No person can keep a ferry and collect tolls without a license. *Mans. Dig.*, *sec. 3311*. This court in the case of *Organ v. Railway Co.*, *51 Ark.*, *235*, declared the law which is decisive of this cause. Judge BATTLE, delivering the opinion of the court, said: "Appellants further insist that they have been damaged by appellees running a transfer boat across the river, and attempt to show that it sometimes transported persons across the river for pay. But there is no evidence that

appellants or any of them ever had a license to keep a ferry. If they did not, they have no right to keep a ferry, so as to charge a compensation for transporting persons or property over the river, and could not have been injured by the running of the transfer boat, and can claim nothing on that account."

FERRIES:
License to
keep: Damages to right.

It does not appear that the plaintiffs, or those from whom they claim, ever had a license after the bridge was constructed. The license to Peter Hanger, if it appears upon demurrer that he obtained one, expired in 1866; it may be that none was subsequently granted. *Bell v. Clegg, 25 Ark., 26.*

It follows that the complaint does not state facts authorizing a recovery for damages resulting from a diversion of business, because it does not show that the appellants were authorized to receive tolls. No damage to the franchise is alleged to have been occasioned by building the bridge, but all is claimed on account of the use of it as a toll-bridge.

It is not alleged that the defendant collected tolls without lawful authority; the appellants could not complain of losses sustained from lawful competition, and the complaint should have stated that its action was without authority.

It does not appear that they had any other riparian right in the land upon which the bridge rests, and therefore no cause of action is set out within the rule announced in the case of the *L. R. & F. S. Ry. Co. v. McGehee, 41 Ark., 202.*

The judgment is affirmed.